**YORK ASSOCIATES, INC., Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HOUS-
ING AND URBAN DEVELOPMENT, et
al., Defendants.**

**Civ. A. Nos. 93–839 (CRR),
91–3094 (CRR).**

United States District Court,
District of Columbia.

Feb. 25, 1994.

As Amended March 21, 1994.

John J. Knapp of Powell, Goldstein, Frazer
& Murphy, Washington, DC, for plaintiff.

Jeffrey T. Sprung, Asst. U.S. Atty., Eric
H. Holder, Jr., U.S. Atty., and John D.
Bates, Asst. U.S. Atty. of counsel: John J.
Daly, Associate General Counsel, Edward
Eitches and Harold J. Gross, U.S. Dept. of
Housing and Urban Development, for defen-
dants.

*OPINION OF CHARLES R. RICHEY*

*UNITED STATES DISTRICT
COURT JUDGE*

CHARLES R. RICHEY, District Judge.

Before the Court is Defendants' Motion
For Amendment of Judgment. Pursuant to
Fed.R.Civ.P. 59(e), the Defendants seek to
amend this Court's Order, which this Court
issued with an accompanying Opinion on
April 27, 1993, declaring that the Plaintiff
was entitled to interest on insurance benefits
paid in cash at the same rate as if the
payments were made in debentures. *See
York Associates, Inc. v. Secretary, Dep't of
Hous. and Urban Dev.,* 820 F.Supp. 14
(D.D.C.1993). More specifically, the Defen-
dants move to amend this declaratory judg-
ment to provide that it is nonretroactive in
operation, and move the Court to clarify that
its consolidation of the Defendants' counter-
claim with Civil Action No. 93–0839 pre-
serves the filing date of the counterclaim.

The issues before the Court are (1) wheth-
er its decision of April 27, 1993, should have
retroactive effect, and (2) whether the Court
should clarify the status of the filing date of
the counterclaim. In light of the papers filed
by the parties, the oral arguments given by
counsel, the applicable law, and the entire
record herein, the Court shall deny in part
and grant in part the Defendants' Motion
For Amendment of Judgment, by denying
the Defendants' request for nonretroactivity,
but affirming that the filing date of its coun-
terclaim has been preserved.

**I. BACKGROUND**

The Plaintiff York Associates ("York") is a
multifamily mortgage lender which issued

several mortgage loans between 1983 and 1989 coinsured by the Defendant Department of Housing and Urban Development ("HUD") pursuant to § 244 of the National Housing Act ("NHA"). 12 U.S.C. § 1701 *et seq.* The loans at issue are part of a mortgage-backed securities program operated by Defendant Government National Mortgage Association ("GNMA"). Following borrower default, HUD must reimburse the lender for up to 90% of the loss caused by the default. Based on the preference of the lender, reimbursement payments by HUD may be made in the form of debentures or cash. 24 C.F.R. § 255.819 (1988). As our Circuit has held, when such a reimbursement payment takes *the form of debentures,* it must include interest from the date of default. *DRG Funding Corp. v. Secretary of Housing and Urban Development,* 898 F.2d 205 (D.C.Cir.1990).

When the borrowers in this case defaulted on their payments to York, York filed for reimbursement benefits *with HUD* as to those loans. York subsequently defaulted in its payments due to GNMA and GNMA took over York's loan portfolio. As required, HUD reimbursed York and GNMA pursuant to the coinsurance agreements, but these reimbursement payments were made in cash, not debentures, and did not include post-default interest. Pursuant to § 520 of the National Housing Act, 12 U.S.C. § 1735d, the Plaintiff brought this action to force HUD to include the same amount of interest that York would be entitled to if the payments had been made in debentures.

On April 27, 1993, the Court found that § 520 applies to mortgage loans made pursuant to the coinsurance program established by § 244 of the National Housing Act, 12

U.S.C. § 1715z–9, and the Court granted summary judgment for the Plaintiff on Counts I, X, XI, and XII of its Complaint. In addition, because the Defendants had raised an Unclean Hands defense and a permissive counterclaim in their answer, the Court ordered that these claims be consolidated with a new action filed by the Government in Civil Action No. 93–839. Furthermore, the Court refrained from granting injunctive relief at that time in order not to prejudice any of the Defendants' rights for any claims the Government may have in Civil Action No. 93–839, and framed the summary judgment as a declaratory judgment.

## II. ACCORDING TO RECENT SUPREME COURT DECISIONS ADVOCATING RETROACTIVITY OF JUDGMENTS, THIS COURT MUST NOT AMEND ITS JUDGMENT TO DECLARE ITS ORDER OF APRIL 27, 1993, TO BE NON–RETROACTIVE.

Until recently, *Chevron Oil v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), has controlled the issue of retroactivity, using a three-prong test to determine if a "new principle of law" should have a prospective effect.[1] However, the Supreme Court has recently attacked the *Chevron Oil* approach, and its precedental value is doubtful.[2] Two recent cases in particular, *James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) and *Harper v. Virginia Dep't of Taxation,* —— U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), indicate that the traditional application of the *Chevron Oil* test has been cut back, and that

---

1. *Chevron Oil* sets out three avenues of judicial inquiry for determining whether a "new principle of law" will have prospective effect only. The three factors are:

   (1) That the decision to be applied nonretroactively "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed;"

   (2) whether "weigh[ing] the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation;" and

   (3) whether retroactive application could "produce substantial inequitable results," which would provide an "ample basis ... for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

   *Chevron,* 404 U.S. at 106–7, 92 S.Ct. at 355 (citations omitted).

2. Where remedial issues are involved, which is not the case in the instant action involving regulatory interpretation, *Chevron Oil*'s test may still apply. *See Beam,* 501 U.S. at ——, 111 S.Ct. at 2448 ("nothing we say here precludes consideration of individual equities when deciding remedial issues in particular cases").

this Court's prior Opinion in *York* should have retroactive effect.

In *Beam*, the Court held that, in dealing with choice of law, "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Beam* emphasized that in resolving a question of choice-of-law, full retroactivity "is overwhelmingly the norm, and is in keeping with the traditional function of the courts to decide cases before them based upon their best current understanding of the law." *Id.* 501 at ——, 111 S.Ct. at 2443 (citations omitted). Writing for the plurality in *Beam*, Justice Souter went on to criticize selective prospectivity, in which a court applies a new rule in the case before it, and reverts to the old one with respect to all other cases arising on facts predating the court's pronouncement of the new rule. *Id.* at —— – ——, 111 S.Ct. at 2444–47. Citing its abandonment of the possibility of selective prospectivity in criminal cases in *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987), in favor of completely retroactive application of all decisions to cases pending on direct review, the *Beam* Court extended the *Griffith* concept of retroactivity to the civil context. *Beam*, 501 U.S. at —— – ——, 111 S.Ct. at 2444–2448. More specifically, the Court found *Griffith*'s equality principle, under which similarly situated litigants should be treated the same, and *stare decisis* considerations to be even more persuasive in the civil arena than the criminal.

Strengthening the plurality opinion in *Beam*, *Harper v. Virginia Dept. of Taxation*, —— U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), furthered the rejection of the *Chevron Oil* balancing approach and called for a presumption in favor of full retroactivity in the civil context. As Justice Thomas, writing for the Court, stated:

When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Harper*, —— U.S. at ——, 113 S.Ct. at 2517. The two bases for this rejection were (1) that selective prospectivity by the judiciary intrudes into the functioning of legislatures, and (2) the equality principle enunciated by *Griffith* and *Beam*. *Harper*, —— U.S. at ——, 113 S.Ct. at 2516.

This Circuit has adopted the pro-retroactivity approach of *Beam* and *Harper*. In a case involving the retroactive application of *agency* adjudication, our Court of Appeals stated that "*Harper* abolished exceptions to the retroactive application of *judicial* rulings in civil cases and rejected the three factor retroactivity test" of *Chevron Oil*. *UFCW, Local No. 150-A v. NLRB*, 1 F.3d 24, 35 (D.C.Cir.1993), *petition for cert. filed*, 62 U.S.L.W. 3493 (U.S. Jan. 6, 1994).

The Defendants move the Court to deny retroactive application of the Court's Opinion in *York*. In the alternative to a holding of complete nonretroactivity, the Defendants request that this Court hold its April 27, 1993, Opinion in *York* is nonretroactive prior to the date that *DRG Funding* was decided. However, both parties note that the Court of Appeals applied *DRG Funding* to the parties before it in that case. Therefore, the Court rejects the Defendant's proposed alternative of a modified retroactive ruling.

The Court concludes that the policies underlying *Harper* compel the Court to deny the Defendants' request to amend the judgment's retroactive effect. In *York*, the Court found and applied § 520 of the NHA and 24 C.F.R. Part 255 as they existed when York and HUD insured the loans in this case. Tinkering with the retroactivity or prospectivity of this Court's decision would go beyond the judicial role, as indicated by another post-*Harper* decision:

Courts apply their interpretations to pending cases because the rule they are interpreting predates the parties' acts. Judicial interpretations "change the law" from (losing) litigants' perspective, but from the judicial perspective the process of interpretation aims at getting as close as one can to a meaning that predates the litigation.

*Mojica v. Gannett Co.*, 7 F.3d 552, 564 (7th Cir.1993), *petition for cert. filed*, 62 U.S.L.W. 3378 (U.S. Oct. 28 1993) (No. 93–800) (citing *Harper*). Therefore, to apply § 520 equally to all who are affected by that regulation, and consistent with the presumption of full retroactivity, the *York* decision shall be applied retroactively.

The recent Supreme Court decisions also undermine the Defendants' focus on equitable considerations. In their papers and at oral argument, the Defendants argued that considerations of hardship supported their Motion, and that a failure to declare judgment nonretroactively would cost the Government some $40 million.[3] At oral argument, counsel for the Government stated that this issue "is exclusively an equitable matter." However, as *Harper* explained, "we can scarcely permit 'the substantive law [to] shift and spring' according to 'the particular equities of [individual parties'] claims' of actual reliance on an old rule and of harm from a retroactive application of the new rule." *Harper*, ―― U.S. at ――, 113 S.Ct. at 2517 (quoting *Beam*, 501 U.S. at ――, 111 S.Ct. at 2447). Under this framework, such equitable considerations as the cost to the Government for its improper regulatory drafting are therefore irrelevant.

### III. BECAUSE THE PARTIES AGREE THAT THE COURT'S APRIL 27, 1993 ORDER PRESERVED THE FILING DATE OF THE DEFENDANTS' COUNTERCLAIM, THE COURT SHALL CLARIFY THAT ORDER ACCORDINGLY.

In the Court's Order of April 27, 1993 in Civil Action No. 91–3094, the Court consolidated the permissive counterclaim filed with the Defendants' answer in that case with the new suit filed by the Government in Civil Action No. 93–839. In their Motion for Amendment of Judgment, the Defendants also indicate that they seek a clarification of the Court's previous Order regarding the filing date of Defendants' counterclaim.

More specifically, out of an abundance of caution, the Government requests that the Court clarify its Order of April 27, 1993, which consolidated Civil Action No. 91–3094 with Civil Action No. 93–0839, to preserve the filing date of their counterclaim. The Plaintiff has no objection to this aspect of the Defendants' Motion, "on the understanding that its effect would be no more than to give the 'counterclaim' an April 22, 1993, filing date in the consolidated action." Plaintiff's Opposition at 1 n. 1. Although the Court finds its prior Order to be unambiguous, with the parties' consent, and to protect the rights of the Defendants, the Court shall clarify its previous Order accordingly.

### IV. CONCLUSION

As stated in its recent decisions, the Supreme Court's criticism of nonretroactivity and the traditional *Chevron Oil* test directs this Court to ignore the equitable considerations and deny the Defendants' attempt to render nonretroactive this Court's decision in *York*. The Court therefore finds no reason to deviate from the norm of retroactivity, but shall preserve the original filing date of the counterclaim.

The Court shall issue an Order of even date herewith consistent with the foregoing Opinion.

### ORDER

Upon consideration of the Defendants' Motion For Amendment of Judgment, the papers submitted by the parties, the record herein, the applicable law, and for the reasons expressed in this Court's Opinion of even date herewith, it is, by the Court, this 24 day of February, 1994,

ORDERED that the Defendants' Motion shall be, and hereby is, DENIED to the extent that their Motion seeks to make this Court's Order and Opinion of April 27, 1993, nonretroactive; and it is

---

3. While the Court recognizes that the budget for HUD is already strained, *Harper* apparently involved an even greater potential liability. *See* Brief for Respondent at 1, *Harper*, *cited in Leading Case: II. Federal Jurisdiction and Procedure*, 107 Harv.L.Rev. 254, 314 n. 8 (estimating that if all potential plaintiffs were to file timely claims and prevail, the state's liability would exceed $467 million).

FURTHER ORDERED that the Defendant's Motion shall be GRANTED only with regard to its request for clarification that the consolidation would give the Defendants' permissive counterclaim, filed on April 22, 1993 in Civil Action No. 91–3094, the same filing date of April 22, 1993, in the above-entitled consolidated action.